Michael Gleeson MD,FACS, JD, Esq, 413 Deer Run Drive Archbald, PA 18403
Attorney for Plaintiffs,

IN THE COURT OF COMMON PLEAS OF SUSQUEHANNA COUNTY, PENNSYLVANIA
CIVIL DIVISION

SUZANNE BERISH, individually, *et al.*

            *Plaintiffs*    2010 - 1882 CP

*vs*

SOUTHWESTERN ENERGY PRODUCTION COMPANY and SOUTHWESTERN ENERGY
COMPANY

   *Defendants*

## NOTICE

     **YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

     **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT FIND ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**Lawyer Referral Service**
**Lackawanna Bar Association**
**338 N. Washington Avenue, 3rd Floor**
**Scranton, PA 18503-1502**
**(570) 969-9600**

**PA Lawyer Referral Service**
**P.O. Box 186, 100 South Street**
**Harrisburg, PA 17108**
**Pennsylvania Residents:**
**1-800-692-7375**
**Out-of-State Residents:**
**1-717-238-6715**

Verification

FILED
SUSQUEHANNA COUNTY
2010 SEP 14 P 1:37
PROTHONOTARY
CLERK OF COURTS

I hereby depose and say that I am the Plaintiff in the foregoing action, and that

The facts set forth in the foregoing Complaint are true and correct to the best of my

Knowledge, information and belief.  I understand that this statement is made subject to

The penalties of 18 Pa. C.S.A. sec4904 relating to unsworn falsification to authorities.

| | |
|---|---|
| Susan Breese | |
| Matthew S. Shager | |
| Chelsea Jurmagin | |
| Claire Galloway | |
| Mary R Donovan | |
| MARK Shager | |
| Robert Blaisure | |
| Tiffany M. Seamans | |
| Rowena Shager | |
| John W. Shager | |
| Gerald J. Rusek Jr. | |
| Diane E. Rusek | |
| Suzanne L. Berish | |
| Marlene R. Dean | |
| Larry E. Dean | |

Verification

I hereby depose and say that I am the Plaintiff in the foregoing action, and that

The facts set forth in the foregoing Complaint are true and correct to the best of my

Knowledge, information and belief.  I understand that this statement is made subject to

The penalties of 18 Pa. C.S.A. sec4904 relating to unsworn falsification to authorities.

DORIS SCHENCK

Christine Henke

Jason Henke

Verification

I hereby depose and say that I am the Plaintiff in the foregoing action, and that

The facts set forth in the foregoing Complaint are true and correct to the best of my

Knowledge, information and belief.  I understand that this statement is made subject to

The penalties of 18 Pa. C.S.A. sec4904 relating to unsworn falsification to authorities.

Stephanie Evans                     9/13/10

Nathan P Evans                      9/13/10

## Verification

I hereby depose and say that I am the Plaintiff in the foregoing action, and that

The facts set forth in the foregoing Complaint are true and correct to the best of my

Knowledge, information and belief. I understand that this statement is made subject to

The penalties of 18 Pa. C.S.A. sec4904 relating to unsworn falsification to authorities.

WILLIAM E. SHAGER

## IN THE COURT OF COMMON PLEAS OF SUSQUEHANNA COUNTY,
### PENNSYLVANIA CIVIL DIVISION

SUZANNE BERISH, individually; SUSAN BREESE,
individually; LARRY DEAN and MARLENE DEAN,
individually; MARY R. DONOVAN, individually;
CHRISTINE and JASON HENKE, individually and as
the Parent and Natural Guardian of TH
and RH ; CHELSEA A. JARNAGIN,
individually; DIANE RUSEK and JERRY RUSEK,
individually, and as the Parent and Natural Guardian of
GR and CR , DORIS
SCHENCK, Individually; LUKE W. SHAGER,
MARK SHAGER, MATTHEW SHAGER, ROWENA
SHAGER, individually; WILLIAM SHAGER,
Individually; *and* TIFFANY M. SEAMANS,
Individually and as Parent and Natural Guardian of
infants CS and JS ;
ROBERT BLAISURE AND CLAIRE GALLOWAY,
individually and as Parents and Natural Guardians of
infant MB , NATHAN and
STEPHANIE EVANS, individually and as Parents and
Guardians of infants JE, KE
and LE

    Plaintiffs,

v.

SOUTHWESTERN ENERGY PRODUCTION
COMPANY and SOUTHWESTERN ENERGY
COMPANY

    Defendants

CIVIL ACTION NO.
2010 - 1882 CP

PROTHONOTARY
CLERK OF COURTS:

FILED
SUSQUEHANNA COUNTY
2010 SEP 14 P 1:31

1

## COMPLAINT AT LAW AND IN EQUITY

Plaintiffs, through their undersigned attorneys, for their Complaint at Law and in Equity against Defendants allege the following:

### INTRODUCTION

1. Plaintiffs complain, *inter alia*, of environmental contamination and polluting events caused by the conduct and activities of the Defendants herein, who caused the releases, spills, and discharges of combustible gases, hazardous chemicals, and industrial wastes from its oil and gas drilling facilities. These releases, spills and discharges caused the Plaintiffs and their property to be exposed to such hazardous gases, chemicals, and industrial wastes and caused damage to the natural resources of the environment in and around the Plaintiffs' properties, causing Plaintiffs to incur health injuries, loss of use and enjoyment of their property, loss of quality of life, emotional distress, and other damages.

### PARTIES

2. At all times mentioned herein, the below named Plaintiffs were and are citizens of the State of Pennsylvania, residing in the County of Susquehanna, at the address as listed:

  a. Suzanne Berish
    6590 State Route 92
    Kingsley, PA  18826

2

    b.   Susan Breese
          6683 State Route 92
          Kingsley, PA  18826

    c.   Mary Donovan
          7572 State Route 92
          South Gibson, PA  18842

    d.   Chelsea A. Jarnagin
          7572 State Route 92
          Apt. #1
          South Gibson, PA  18842

    e.   Doris Schenck
          7292 State Route 92
          South Gibson, PA 18842

    f.   William Shager
          7589 State Route 92
          S. Gibson, PA  18842

3. At all times mentioned herein, Plaintiffs were and are citizens of the State of Pennsylvania, residing in the County of Susquehanna, at the addresses as listed:

    a.   Marlene and Larry Dean
          7280 State Route 92
          South Gibson, PA  18842

    b.   Rowena J., Luke Shager, and Mark Shager, Matthew Shager,
          7572 State Route 92
          South Gibson, PA  18842

4. At all times mentioned herein, the below named Plaintiffs were and are citizens of the State of Pennsylvania, residing with their minor children in the County of Susquehanna, at the address as listed, and bring this action individually and on their behalf as parents and natural guardians:

3

a.    Diane and Jerry Rusek
      6608 State Route 92
      Kingsley, PA 18826

      Minor Children:

      GR
      CR


b.    Christine and Jason Henke
      6660 State Route 92
      Kingsley, PA 18826

      Minor Children:

      TH
      RH


c.    Tiffany M. Seamans
      3483 Tingsley Lake Road
      New Milford, PA 18834

      Minor Children:

      CS
      JS


d.    Nathan and Stephanie Evans
      8926 State Route 92
      South Gibson, PA 18842

      Minor Children:

      JE
      KE
      LE


e.    Robert Blaisure and Claire Galloway
      7572 State Route 92
      South Gibson, PA 18842

Minor Child:

MB

5.   The aforementioned Plaintiffs are hereinafter collecti .c*i* referred to as "Plaintiffs".

6.   At all times mentioned herein, Defendant, SOUTHWESTERN ENERGY PRODUCTION COMPANY was and is a Texas Corporation, with its headquarters and principal place of business located at 2350 North Sam Houston Parkway East, Suite 125 Houston, Texas 77032-3132.  Defendant, SOUTHWESTERN ENERGY COMPANY, a Texas corporation, with its headquarters and principal place of business located at 2350 North Sam Houston Parkway East, Suite 125 Houston, Texas 77032-3132, at all times hereinafter mentioned, conducted exploration and production of the Price #1 Well through its wholly-owned subsidiary, SOUTHWESTERN ENERGY PRODUCTION COMPANY. These Defendants engaged in various oil and gas exploration and production activities in the State of Pennsylvania, including Susquehanna County, as more fully described herein, and the Plaintiffs claims arise out of such activities

## GENERAL ALLEGATIONS

7.   On or about April 2008 and continuing thereafter, and at all times mentioned herein, Defendants engaged in drilling activities, and owned and

operated Price #1 Well in Lenox Township, Susquehanna County, Pennsylvania wherein Plaintiffs own property and/or reside.

8.   At all times mentioned herein, in order to extract natural gas from the Defendants' Price #1Well, the location as described in the Commonwealth of Pennsylvania DEP Well Location Plat on topographic map 11.335 feet south of Latitude 41 degrees 45'00".   Defendants used a drilling process known as hydraulic fracturing and horizontal drilling. Hydraulic fracturing requires the discharge of enormous volumes of hydraulic fracturing fluids otherwise known as "fracking fluid" or "drilling mud" into the ground under extreme pressure in order to dislodge and discharge the gas contained under the ground.

9.   The composition of "fracking fluid" and/or drilling mud includes hazardous chemicals that are carcinogenic and toxic.

10.   Diesel fuel and lubricating materials, also consisting of hazardous chemicals, are utilized during drilling and well operations.

11.   The Defendants located Price #1 Well within the following proximities to Plaintiffs' property, home and water supply well:

a.   Suzanne Berish (owner)          Approximately 1700 feet
     6590 State Route 92
     Kingsley, PA  18826

b.   Susan Breese (owner)           Approximately 1600 feet
     6683 State Route 92
     Kingsley, PA  18826

6

c.  Mary Donovan (tenant)              Approximately 1600 feet
    7572 State Route 92
    South Gibson, PA  18842

d.  Chelsea A. Jarnagin (tenant)       Approximately 1600 feet
    7572 State Route 92
    Apt. #1
    South Gibson, PA  18842

e.  Doris Schenck (owner)              Approximately 750 feet
    7292 State Route 92
    South Gibson, PA 18842

f.  Marlene and Larry Dean  (owner)    Approximately 700 feet
    7280 State Route 92
    South Gibson, PA  18842

g.  Rowena J.(owner), Luke, Matthew,   Appoximately 1600 feet
    and Mark Shager (residents)
    7572 State Route 92
    South Gibson, PA  18842

h.  William Shager (owner)             Approximately 1650 feet
    7589 State Route 92
    S. Gibson, PA 18842

i.  Diane and Jerry Rusek (owners)     Approximately 1550 feet
    6608 State Route 92
    Kingsley, PA  18826

    Minor Children:

    GR
    CR

j.  Christine and Jason Henke (owner)  Approximately 1500 feet
    6660 State Route 92
    Kingsley, PA  18826

7

Minor Children:

TH
RH

k.   Robert Blaisure and Claire Galloway (residents) Approx. 1500feet
7572 State Route 92
South Gibson, PA  18842

Minor Child:

MB

12.   At all times mentioned herein, Plaintiffs rely on ground water well for

drinking, bathing, cooking, washing and other daily residential and business uses.

13.   The following Plaintiffs did not own or reside at the contaminated

property, but regularly consumed the contaminated well water at the property

designated below:

a.   Tiffany M. Seamons, CS         , and   JS         residing at
3483 Tingsley Lake Road, New Milford, PA 18834, consumed
contaminated water at 7572 State Route 92, South Gibson, PA 18842.

b.   Nathan Evans, Stephanie Evans, JE, KE      ,          , and
LE      residing at 8926 State Route 92, South Gibson, PA
18842, consumed contaminated water at 7280 State Route 92, South
Gibson, PA 18842

14.   At all times mentioned herein, and upon information and belief,

Defendants were otherwise negligent and/or grossly negligent in the drilling,

construction and operation of Defendants' Price #1 Well such that:

8

     a.     Pollutants and industrial and/or residual waste, including "fracking fluid", was caused to be discharged into the ground or into the waters near Plaintiffs' homes and into ground water wells, which contaminated the water supply plaintiffs consumed and relied upon as their water supply;

15.  Upon information and belief, at all times mentioned herein the release and discharges of contaminants were the result of improper or insufficient cement casing of Defendants' Price #1 Well located near Plaintiffs' homes, and discharges and spills of industrial and/or residual waste, diesel fuel and other pollutants and hazardous substances were the result of Defendants' negligence, including the negligent planning, training and supervision of staff, employees and/or agents.

16.  Upon information and belief, these aforementioned spills, discharges, releases and other activities include, but are not limited to, various hazardous chemicals, including barium, manganese and strontium.

17.  Upon information and belief, the Defendants maintained its activities in such a negligent and improper manner as to violate various Pennsylvania state laws and the Rules and Regulations promulgated there under, including, but not limited to the Pennsylvania Clean Streams Law, 35 P.S. §§691.1, *et seq.*, the Pennsylvania Solid Waste Management Act, 35 P.S. §§ 6018.101, *et seq.*, the Pennsylvania Oil and Gas Act, 58 P.S. §§ 601.101, *et seq.*, the Pennsylvania Hazardous Sites Cleanup Act ("HSCA"), 35 P.S. §§ 6020.101, *et seq.*; the Federal Solid Waste Disposal Act, 42 USC §§ 6901, *et seq.*; the Federal Comprehensive Environmental

Response, Compensation, and Liability Act, 42 USC §§ 9601, *et seq.*; and the Federal Water Pollution Control Act, 33 USC§§ 1251, *et seq.*

18.   As a result of the aforementioned releases, spills, discharges, and nonperformance attributed to and caused solely by Defendants' negligent and/or grossly negligent drilling and production activities, Plaintiffs and their properties have been seriously harmed, to wit:

    a.   Plaintiffs' water supplies are contaminated.

    b.   Plaintiffs have been and continue to be exposed to hazardous chemicals.

    c.   Plaintiffs' property has been harmed and diminished in value.

    d.   Plaintiffs have lost the use and enjoyment of their property, and the quality of life they otherwise enjoyed.

    e.   Plaintiff, Conor Seamon has been caused to become physically sick and ill, manifesting neurological, symptoms, consistent with toxic exposure to, for example, heavy metals.

    f.   Plaintiffs live in constant fear of future physical illness, particularly with respect to the health of their minor children and grandchildren.

    g.   Plaintiffs have and/or will continue to pay costs for water samples and alternative water.

19.   As a result of the foregoing and following allegations and Causes of Action, Plaintiffs seek, *inter alia*, a preliminary and permanent injunction barring Defendant from engaging in the acts complained of and requiring Defendants to abate the nuisances, unlawful conduct, violations and damages created by them and

an order requiring Defendants to pay compensatory damages, punitive damages, the cost of future health monitoring, litigation fees and costs, and to provide any further relief that the Court may find appropriate.

## CAUSES OF ACTION

### First Cause of Action: Hazardous Sites Cleanup Act

20.  Plaintiffs repeat and reallege the allegations of paragraph "1" through "19" of this Complaint, as though set forth in this paragraph at length.

21. The locations of the releases of hazardous substances as set forth above constitute "sites" as defined by the Pennsylvania Hazardous Sites Cleanup Act ("HSCA"), 35 P.S. §§ 6020.101, *et. seq.*

22. The spills, releases, and discharges set forth above constitute "releases" of hazardous substances and contaminants under HSCA.

23. At all relevant times, Defendants owned and/or operated the site (Price #1 Well), and/or Defendants owned or possessed and arranged for the disposal, treatment or transport for disposal or treatment of the hazardous substances, under the HSCA.

24.  Defendants are "responsible persons" responsible for the release or threatened release of hazardous substances, under HSCA.

25.  As set forth above, Defendants have caused, and continues to cause, releases or substantial threats of releases, of hazardous substances or contaminants

11

which present a substantial danger to the public health or safety or the environment, under HSCA.

26.  Pursuant to Section 507, 702 and 1101 of HSCA, 35 P.S. §§ 6020.507, 6020.507 and 6020.1101, Defendants are strictly liable for costs incurred by Plaintiffs to respond to Defendants releases or threatened releases of hazardous substances and contaminants, including but not limited to the cost of a health assessment or health effects study, medical monitoring, and interest.

27.  The above releases and threats of releases of hazardous substances and contaminants by Defendants constitute public nuisances under Section 1101 of HSCA, 35 P.S. § 6020.1101.

28.  The above releases and threats of releases of hazardous substances by Defendants constitutes unlawful conduct under Section 1108 of HSCA, 35 P.S. §6020.1108.

29.  The above releases and threats of releases of hazardous substances and contaminants by Defendants have caused and threaten to cause personal injury and property damage to Plaintiffs.

30.  Defendants, by reason of these releases and threats of releases, are liable for all the response costs, damages and injuries to Plaintiffs proximately caused by the releases and threats of releases, and to remediate the releases, threats of releases, and resultant contamination.

12

## Second Cause of Action: Negligence

31. Plaintiffs repeat and reallege the allegations of paragraph "1" through "30" of this Complaint, as though set forth in this paragraph at length.

32. Defendants, by violating the various laws indicated herein, engaged in negligence *per se*.

33. Defendants owed a duty of care to Plaintiffs to responsibly drill, own and operate Defendants Price #1 Well, respond to spills and releases of hazardous chemicals, and prevent such releases and spills, and take all measures reasonably necessary to inform and protect the public, including Plaintiffs, from the contamination of their water supply and exposure to hazardous chemicals and combustible gases.

34. Defendants, including their officers, agents, and/or employees, knew or in the exercise of reasonable care should have known, its operations would result in the release or the threat of release of combustible gases and hazardous chemicals.

35. Defendants, including its officers, agents, and/or employees, knew or in the exercise of reasonable care should have known, of the dangerous, offensive, hazardous or toxic nature of their operations.

36. Defendants, including its officers, agents, and/or employees, knew or in the exercise of reasonable care should have known, of the dangerous, offensive, hazardous or toxic nature of the combustible gases and hazardous chemicals

13

released by Defendants, and that they were capable of causing serious personal injury to persons coming into contact with them, polluting the water supplies of the Plaintiffs, damaging property and causing natural resource damage.

37. Defendants, including their officers, agents, and/or employees, should have taken reasonable precautions and measures to prevent or mitigate the releases and spills, including the design and operation of process systems so that such releases and spills did not occur, as well as adequate planning for such spills or releases or other emergencies.

38. Defendants, including its officers, agents, and/or employees, knew, or in the exercise of reasonable care should have known, that once a spill or release occurred, they should take reasonable measures to protect the public, including by issuing immediate and adequate warnings to nearby residents, including Plaintiffs, to emergency personnel and to public officials.

39. Defendants, including its officers, agents, and/or employees, knew or in the exercise of reasonable care should have known, that the spills and releases caused by Defendants negligent conduct, and the resultant harm to Plaintiffs and their property, were foreseeable and inevitable consequences of Defendants acts and/or omissions in the manner in which it engaged in its gas drilling and production activities.

14

40.   Defendants, including their officers, agents, and/or employees, acted unreasonably and negligently in causing the releases and spills and the contamination of Plaintiffs' water supplies and property, and failed to take reasonable measures and precautions necessary to avoid and/or respond to the spills and releases of hazardous chemicals, and to protect the public, including the Plaintiffs from hazardous chemicals.

41.   Defendants acts and/or omissions mentioned herein were the direct and proximate cause of the damages and injuries to Plaintiffs alleged herein.

42.   Contamination resulting from the Defendants negligence continues to this day, and is likely to continue into the future, unless injunctive relief is awarded by this Court abating the nuisances and enjoining Defendants from engaging in their drilling and production activities in the Price #1 well area.

43.   Some or all of the acts and/or omissions of the Defendants were grossly, recklessly and wantonly negligent, and were done with utter disregard for the consequences to Plaintiffs and other persons, and therefore, Plaintiffs are entitled to an award of punitive damages.

44.   Plaintiffs in no way contributed to the damages and injuries they have sustained.

45.   Defendants, by reason of its negligence, are liable for all the damages and injuries to Plaintiffs proximately caused by the spills and releases of hazardous

15

chemicals indicated herein, and to remediate the contamination caused by such spills and releases.

### Third Cause of Action: Private Nuisance

46. Plaintiffs repeat and reallege the allegations of paragraph "1" through "45" of this Complaint, as though set forth in this paragraph at length.

47. Defendants, by its acts and/or omissions, including those of their officers, agents, and/or employees, have caused an unreasonable and substantial interference with Plaintiffs' right to use and enjoy Plaintiffs' property.

48. Defendants, including its officers, agents and/or employees, have created and maintained a continuing nuisance in the Price #1 Well area, by allowing the Well to exist and operate in a dangerous and hazardous condition, allowing the spills and releases, and/or the threats of spills and releases, of hazardous chemicals, and allowing the spills and releases to continue to spread to surrounding areas, including Plaintiffs' properties and drinking water supplies, resulting in injuries to Plaintiffs' health, well being and property.

49. This nuisance continues to this day, and is likely to continue into the future.

50. Defendants, by reason of this private nuisance, is liable for all the damages and injuries to Plaintiffs proximately caused by the spills, releases and contamination, and to remediate the contamination.

## Fourth Cause of Action: Strict Liability

51.  Plaintiffs repeat and reallege the allegations of paragraph "1" through "50" of this Complaint, as though set forth in this paragraph at length.

52. The hazardous chemicals and combustible gases used, processed, and stored by Defendants is of a toxic and hazardous nature capable of causing severe personal injuries and damages to persons and property coming in contact with them, and therefore are ultra hazardous and abnormally dangerous.

53. The use, processing, storage, and activity of hydro-fracturing at Defendants Price #1 Well, adjacent to or on residential properties, was and continues to be an abnormally dangerous and ultra hazardous activity, subjecting persons coming into contact with the hazardous chemicals and combustible gases with severe personal injuries, regardless of degree of caution Defendants might have exercised.

54. Defendants, by engaging in abnormally dangerous and ultra hazardous activities, are strictly liable with regard to fault for all the damages and injuries to Plaintiffs proximately caused by the spills, releases and contamination caused by Defendants, and to remediate the contamination.

## Fifth Cause of Action: Trespass

55.  Plaintiffs repeat and reallege the allegations of paragraph "1" through "54" of this Complaint, as though set forth in this paragraph at length.

17

56. Defendants aforementioned acts both constituted and resulted in such physical invasion of their property, and the aquifers underlying their property, that Plaintiffs have suffered damages to such property, and to the health and well-being of their family.

## Sixth Cause of Action: Medical Monitoring Trust Funds

57. Plaintiffs repeat and reallege the allegations of paragraph "1" through "56" of this Complaint, as though set forth in this paragraph at length.

58. As set forth above, as a result of Defendants negligent acts and/or omissions, plaintiffs have been exposed to hazardous substances.

59. The levels of hazardous substances to which plaintiffs have been exposed are greater than normal background levels.

60. As a proximate result of their exposure to such hazardous substances, Plaintiffs have a significantly increased risk of contracting a serious latent disease.

61. A monitoring procedure exists that makes the early detection of the disease possible.

62. Such early detection will help to ameliorate the severity of the disease. The prescribed monitoring regime is different from that normally recommended in the absence of the exposure.

63. The prescribed monitoring regime is reasonably necessary according to contemporary medical opinion.

18

**WHEREFORE,** upon the aforesaid Causes of Action, Plaintiffs seek the following relief:

i.   The reasonable and necessary costs of remediation of the hazardous substances and contaminants;

ii.  A preliminary and permanent injunction barring Defendants from engaging in the acts complained of and requiring Defendants to abate the aforesaid nuisances, wrongful acts, violations and damages created by them within the Price #1 Well Area;

iii. The cost of future health monitoring;

iv.  Compensatory damages for the loss of property value, damage to the natural resources of the environment in and around the Plaintiffs' properties, medical costs, loss of use and enjoyment of their property, loss of quality of life, emotional distress, personal injury and such other reasonable damages incidental to the claims.

v.   Punitive damages for Defendants for fraudulent misrepresentation and gross negligence

vi.  Plaintiffs' litigation costs and fees; and

vii. Any further relief that the Court may find appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand that the trial of all issues be heard by a Judge sitting with jury.

RESPECTFULLY SUBMITTED,

*Michael Gleeson MD JD ESQ*

Michael Gleeson MD,FACS, JD, ESQ
#91830
Law Office of Dr Michael Gleeson
413 Deer Run Drive
Archbald, PA  18403
Telephone:  1-888-99MDLAW
                           (63529)

Peter J. Cambs
Parker Waichman Alonso LLP
6 Harbor Park Drive
Port Washington, NY  11050
Telephone:  (516) 466-6500
pcambs@yourlawyer.com

Richard J. Arsenault
Neblett, Beard & Arsenault
2220 Bonaventure Court
PO Box 1190
Alexandria, Louisiana  71301
Telephone:  (800) 256 -1050

Daniel E. Becnel, Jr. (#2926)
Becnel Law Firm, LLC.
PO Box Drawer H
106 W. 7th Street
Reserve, LA 700084.
Telephone: (985) 536-1186
Telephone; (985) 536-6445
dbecnel@becnellaw.com

20