**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

SUZANNE BERISH, et al.,

    Plaintiffs,

                                 CIVIL ACTION NO. 3:10-CV-1981

                                 (JUDGE CAPUTO)

SOUTHWESTERN ENERGY
PRODUCTION COMPANY and
SOUTHWESTERN ENERGY COMPANY,

    Defendants,

## MEMORANDUM

Presently before the Court is Defendant Southwestern Energy Production Company's ("SEPCO") Motion to Dismiss part of Count I, all of Count IV, and the demand for damages for emotional distress except as to Plaintiff C.S. (Doc. 7.) After the Motion was filed, a Stipulation was filed by the parties pursuant to Fed. R. Civ. P. 41 dismissing the part of Count I of the Complaint that asserted a claim under 35 P.S. § 6020.1115. (Doc. 18.) The Court signed an Order with regard to this Stipulation on December 9, 2010. Therefore, the Court need only address Count IV of the Complaint and the demand for damages for emotional distress. For the reasons stated below, SEPCO's Motion will be granted in part and denied in part.

## BACKGROUND

The facts alleged in the Complaint are as follows. Plaintiffs are all residents of Susquehanna County, Pennsylvania. SEPCO is a Texas corporation conducting drilling activities for the purpose of oil and gas exploration and production throughout Pennsylvania, including Susquehanna County. The majority of the Plaintiffs' properties are less than two-thousand feet from SEPCO's Price #1 Well. Starting in April 2008, SEPCO was engaged

in drilling and extraction activities at Price #1 Well. SEPCO's drilling activities include hydraulic fracturing and horizontal drilling. Hydraulic fracturing requires the discharge of significant volumes of hydraulic fracturing fluids into the ground under extreme pressure in order to dislodge and discharge underground gas. The composition of the fracturing fluid, or "fracking fluid," includes hazardous chemicals that are toxic and carcinogenic. Other hazardous chemicals, including diesel fuel and lubricating materials, are also used in the operation. As a result of Price #1 Well's insufficient casing, pollutants and other industrial waste, including the fracking fluid and other hazardous chemicals such as barium and strontium, were discharged into the ground and contaminated the water supply used by the Plaintiffs. This contamination has not only exposed Plaintiffs to hazardous materials and created the possibility of causing present and future health problems, but it has also lowered the value of Plaintiffs' properties.

In their Complaint, which was initially filed in the Court of Common Pleas of Susquehanna County, Plaintiffs brought claims for violation of the Hazardous Sites Cleanup Act (Count I); Negligence (Count II); Private Nuisance (Count III); Strict Liability (Count IV); Trespass (Count V); and to set up a Medical Monitoring Trust Fund (Count VI). Plaintiffs seek compensatory and punitive damages, the costs of future health monitoring, and preliminary and permanent injunctions barring Defendants from engaging in the activities set forth in the Complaint. Once they removed the case, SEPCO filed a Motion to Dismiss part of Count I, all of Count IV, and the demand for damages for emotional distress except as to Plaintiff C.S. (Doc. 7.) After the Motion was filed, a Stipulation was filed by the parties pursuant to Fed. R. Civ. P. 41 dismissing the part of Count I of the Complaint that asserted a claim under 35 P.S. § 6020.1115. (Doc. 18.) The remainder of SEPCO's Motion has been

fully briefed and is ripe for review.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are

based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

### I.      Plaintiffs' Strict Liability Claim (Count IV)

Plaintiffs' Strict Liability claim will not be dismissed.

It is the court that determines as a matter of law whether an activity is abnormally dangerous so that strict liability will be imposed. *Diffender v. Staner*, 722 A.2d 1103, 1107 (Pa. Super. Ct. 1998) (internal citations omitted). In determining whether strict liability for an abnormally dangerous activity should apply, the Pennsylvania courts, in a number of cases, have adopted Sections 519 and 520 of the Restatement (Second) of Torts.

§ 519 of the Restatement (Second) of Torts states:

(1) One who carries on an abnormally dangerous activity is subject to liability for harm to the person, land or chattels of another resulting from the activity, although he has exercised the utmost care to prevent the harm.
(2) This strict liability is limited to the kind of harm, the possibility of which makes the activity abnormally dangerous.

§ 520 of the Restatement (Second) of Torts states:

In determining whether an activity is abnormally dangerous, the following factors are to be considered:
(a) existence of a high degree of risk of some harm to the person, land or chattels of others;

(b) likelihood that the harm that results from it will be great;

(c) inability to eliminate the risk by the exercise of reasonable care;

(d) extent to which the activity is not a matter of common usage;

(e) inappropriateness of the activity to the place where it is carried on; and

(f) extent to which its value to the community is outweighed by its dangerous attributes.

A number of Pennsylvania cases with facts analogous to the instant suit have determined that the activities involved there were not abnormally dangerous. *See, e.g. Diffender*, 722 A.2d at 1109 (holding that storage of a toxic insecticide in a barn wasn't abnormally dangerous); *Smith v. Weaver*, 665 A.2d 1215, 1220 (Pa. Super. Ct. 1995) (finding underground storage tanks for gasoline were not abnormally dangerous). However, since the determination of whether or not an activity is abnormally dangerous is fact-intensive, courts often wait until discovery is complete before making this determination. *See Norma J. Fiorentino, et al. v. Cabot Oil & Gas Corp.*, No. 09-cv-2284, 2010 WL 4595524, (M.D. Pa. Nov. 15, 2010).

Defendant here makes two arguments as to why the strict liability claim should be dismissed: one, that it was insufficiently pled, and two, that, following the holdings in analogous cases, as a matter of law underground natural gas drilling is not an abnormally

dangerous activity.

Turning to Defendant's first argument, the Court finds that the strict liability claim was sufficiently pled. Looking at the Complaint as a whole, sufficient facts have been pled with respect to the six factors discussed in § 520 to determine whether an activity is abnormally dangerous. Plaintiffs have alleged that the hydraulic fracturing technique used in the Defendant's underground drilling operation involves the discharge of large quantities of hazardous materials to dislodge the underground gas, and that, as a result of this activity, toxic chemicals were leached into the ground and into the water supply surrounding Plaintiffs' homes. While meeting the "common usage," "inappropriateness of the activity," and "value to the community" prongs of § 520 will likely create difficulty for Plaintiffs at the Summary Judgment stage, there is no requirement under the Federal Rules of Civil Procedure that Plaintiffs bring forth exhaustive factual pleadings at this stage, and they have more than met their burden of putting the Defendant on notice as to the basis of the strict liability claim.

Turning to Defendant's second argument, while the Court does agree that strict liability has not been found in analogous cases, this decision usually comes after discovery is completed, in a ruling on a Motion for Summary Judgment. As a result, the Court will wait until the record is more developed to determine if subjecting the Defendant to strict liability is warranted in this case. After discovery, Defendant will again have the opportunity to raise its argument if it chooses to pursue a Motion for Summary Judgment.

**II.     Plaintiffs' Claims for Damages for Emotional Distress**

Plaintiffs' claims for Damages for Emotional Distress except as to Plaintiff C.S. will

be dismissed. Plaintiffs' will be allowed to amend their Complaint to seek damages for inconvenience and discomfort.

Under Pennsylvania law, claims for emotional distress require that the plaintiff suffer an attendant physical injury. *Houston v. Texaco, Inc.*, 538 A.2d 502, 505 (Pa. Super. Ct. 1988). Plaintiffs have only pled physical ailments as to Plaintiff C.S. Therefore, the emotional distress claims will be dismissed except as to Plaintiff C.S.

Plaintiffs have asked the Court for leave to amend their Complaint to add a claim for damages for inconvenience and discomfort. Pennsylvania law recognizes "a cause of action for inconvenience and discomfort caused by interference with another's peaceful possession of his or her real estate." *Houston*, 538 A.2d at 506. Plaintiffs have complied with Fed. R. Civ. P. 15(a) and Local Rule 15.1, and the Court will grant them leave to amend in order to add claims for damages for inconvenience and discomfort. This determination essentially comports with the agreement reached at oral argument.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (Doc. 7) will be granted in part and denied in part. An appropriate order follows.


2/3/11                                                          /s/ A. Richard Caputo
Date                                                        A. Richard Caputo
                                                           United States District Judge

7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

SUZANNE BERISH, et al.,

     Plaintiffs,                            CIVIL ACTION NO. 3:10-CV-1981

                                              (JUDGE CAPUTO)

SOUTHWESTERN ENERGY
PRODUCTION COMPANY and
SOUTHWESTERN ENERGY COMPANY,

     Defendants,

## ORDER

     **NOW**, this    3rd    day of February, 2011, **IT IS HEREBY ORDERED** that

Defendants' Motion to Dismiss is **GRANTED** in part and **DENIED** in part as follows:

    (1)    The claim for Strict Liability (Count IV) is not dismissed.

    (2)    The claims for Damages for Emotional Distress as to all Plaintiffs except
            Plaintiff C.S. are dismissed.

    (3)    Plaintiffs are granted fourteen days (14) leave to amend their Complaint
            to bring claims for damages for inconvenience and discomfort.

                                 /s/ A. Richard Caputo
                               A. Richard Caputo
                               United States District Judge