**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

SUZANNE BERISH, et al.,

Plaintiffs,

v.

SOUTHWESTERN ENERGY PRODUCTION COMPANY and SOUTHWESTERN ENERGY COMPANY,

Defendants.

CIVIL ACTION NO. 3:10-1981

(JUDGE CAPUTO)

**MEMORANDUM**

Presently before the Court is Plaintiffs' First Motion for Extension of Time to File a Third Amended Complaint (Doc. 36.) Plaintiffs seek to file a Third Amended Complaint to assert claims against four (4) new Defendants: Halliburton Energy Services, Inc.; BJ Services Company; Schlumberger Limited; and Union Drilling, Inc. (collectively the "Proposed Defendants").[1] Plaintiffs assert that these corporations were not named as Defendants in the original Complaint because Plaintiffs were unaware of their involvement in the alleged torts. Defendant Southwestern Energy Production Company ("SEPCO") opposes Plaintiffs' motion on the basis that the proposed claims are untimely and the amendment would not relate back to the filing of the original Complaint pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. (Doc. 39.) Because Plaintiffs' proposed amendment is not clearly futile, Plaintiffs will be permitted to file a Third Amended Complaint.

**I. Background**

Plaintiffs commenced this action against SEPCO on or about September 14, 2010 by filing a Complaint in the Court of Common Pleas of Susquehanna County, Pennsylvania.

---

1 Plaintiffs also sought leave to assert a cause of action for fraudulent misrepresentation against SEPCO. Plaintiffs, however, have withdrawn the request to add this claim. (Doc. 40, 14.)

Plaintiffs assert that SEPCO hydraulically fractured a well in the vicinity of Plaintiffs' residences, causing an increased degradation and contamination of Plaintiffs' water supply. Defendants filed a notice of removal with this Court on September 23, 2010. (Doc. 1.) Plaintiffs subsequently filed an Amended Complaint on February 17, 2011 (Doc. 23) and a Second Amended Complaint on March 3, 2011. (Doc. 26.)

In October of 2011, during the course of discovery, Plaintiffs learned that Proposed Defendants participated in the drilling, hydraulic fracturing, and installation of drilling muds, cements, and casing of the damaged well. (Doc. 38.) As such, Plaintiffs argue that justice requires leave be granted to allow Plaintiffs to file a Third Amended Complaint to assert claims of negligence, private nuisance, strict liability, trespass and violation of the Pennsylvania Hazardous Sites Cleanup Act against Proposed Defendants.

In opposition, SEPCO argues that amendment is futile because all of Plaintiffs' claims, except for the Hazardous Sites Cleanup Act claim, are barred by Pennsylvania's two-year statute of limitations. (Doc. 39.) Defendants assert that the proposed amendment does not relate back pursuant to Rule 15(c) of the Federal Rules of Civil Procedure because Plaintiffs fail to establish "that the proposed new defendants have been on notice within the 'service period' that [they] would have been named as defendant[s] but for 'a mistake concerning the proper party's identification.'" (Doc. 39.)

In response to Defendants' opposition, Plaintiffs argue that amendment is not futile because: (1) the tort claims were tolled by the discovery rule; (2) the claims by minor Plaintiffs are timely; and (3) the trespass and nuisance claims are continuing torts. Furthermore, Plaintiffs argue that the claims relate back to the original Complaint because Proposed Defendants had notice of this action based on their business relationships with SEPCO. (Doc. 40.) Plaintiffs' motion has now been fully briefed and is ripe for disposition.

## II. Discussion

Under Federal Rule of Civil Procedure 15(a)(1)(B), "a party may amend its pleadings with . . . the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a). It is within the sound discretion of the trial court to determine whether

a party shall have leave to amend pleadings out of time. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir.1981). However, "[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc.-the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182.

An amendment is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir.1996)). However, "given the liberal standard for the amendment of pleadings 'courts place a heavy burden on opponents who wish to declare a proposed amendment futile.'" *Synthes, Inc. v. Marotta*, No. 11-1566, 2012 WL 748758 (E.D. Pa. Mar. 6, 2012) (quoting *Aruanno v. New Jersey*, No. 06–296, 2009 WL 114556, at *2 (D. N.J. Jan. 15, 2009)). "If a proposed amendment is not *clearly futile*, then denial of leave to amend is improper." 6 Wright, Miller & Kane, Federal Practice & Procedure § 1487 (2d ed.1990) (emphasis added). Futile amendments include untimely filed claims that do not relate back pursuant to Rule 15(c), and, therefore, cannot withstand "a motion to dismiss on the basis of the statute of limitations." *Garvin v. City of Philadelphia*, 354 F.3d 215, 222 (3d Cir. 2003) (citing *Riley v. Taylor*, 62 F.3d 86, 92 (3d Cir. 1995)). Rule 15(c) states:

> (1) **When an Amendment Relates Back**. An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the

party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action against it, but for a mistake concerning the proper party's identity.

Fed.R.Civ.P. 15(c).

Plaintiffs will be permitted to file a Third Amended Complaint against Proposed Defendants. At this time, the Court is not convinced that Plaintiffs' claims against Proposed Defendants are clearly barred by Pennsylvania's two-year statute of limitations.[2] In particular, Plaintiffs have argued that leave to amend should be granted under Rule 15(a) because the claims are not barred by the statute of limitations based on the discovery rule and the continuing nature of the trespass and private nuisance claims. And, as the actual issue before the Court is whether to allow Plaintiffs to file a Third Amended Complaint, and not whether the discovery rule applies or whether the harm allegedly suffered by Plaintiffs constitutes a continuing tort, the Court, in its discretion, will allow Plaintiffs the opportunity to file a Third Amended Complaint stating claims against Proposed Defendants.[3]

---

[2] Although SEPCO has asserted that Plaintiffs' reply to SEPCO's opposition raises new arguments not presented in Plaintiffs' opening brief (Doc. 43), the Court disagrees. Specifically, Plaintiffs' opening brief asserted that justice required leave be granted to allow Plaintiffs to file a Third Amended Complaint. And, as Plaintiffs further advance these arguments relating to Rule 15(a) in response to SEPCO's claim of untimeliness, the Court does not construe these issues as being raised for the first time in Plaintiffs' reply to SEPCO's opposition.

[3] This decision should not be construed as a finding that Plaintiffs' claims against Proposed Defendants relate back to the date of the originally filed Complaint. Instead, the Court has merely determined that, pursuant to Rule 15(a), Plaintiffs' Third Amended Complaint does not seek to assert clearly futile claims against Proposed Defendants. *See, e.g., Walker v. Hensley*, No. 08-0685, 2009 WL 5064357, at *12 (E.D. Pa. Dec. 23, 2009) (if "there is no statute of limitations bar, whether to grant leave to amend must be judged under the Rule 15(a) standard"). Should the Court later be squarely presented with the issue of the timeliness of Plaintiffs' claims against Proposed Defendants and conclude that the claims are barred by the statute of limitations, the Court, if requested, will then make a determination as to whether Plaintiffs' claims against Proposed Defendants relate

## III. Conclusion

For the above stated reasons, Plaintiffs' motion for leave to file a Third Amended Complaint will be granted.

An appropriate order follows.

May 3, 2012
Date

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

back under Rule 15(c). *See, e.g., Garvin*, 354 F.3d at 222; *see also Lucas v. Am. Clean Energy Sys., Inc.*, No. 10-874, 2011 WL 1457243, at *2 n.3 (W.D. Pa. Apr. 14, 2011) ("in light of the Court's conclusion that Plaintiff's proposed amendment *may not be futile* under Rule 15(a) due to the expiration of the statute of limitations . . . *it is unnecessary to address [Defendant's] argument regarding the issues of relation back of amendments under Rule 15(c) at this time*") (emphasis added).