# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SUZANNE BERISH, ET AL.,

    Plaintiffs,

v.

SOUTHWESTERN ENERGY
PRODUCTION COMPANY, ET AL.,

    Defendants.

CIVIL ACTION NO. 3:10-CV-1981

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Plaintiffs seek seismic data and open hole logs from Defendant, Southwestern Energy Production Company (SEPCO) and open hole logs from non-party, Schlumberger Technology Corporation (STC). SEPCO contends they are not relevant and, if they are, they are trade secrets. They also contend they are not subject to the Protective Order because they are not relevant. STC contends the open hole logs are not relevant and, in any event, are trade secrets. Likewise, STC claims that because the material sought is irrelevant, it is not subject to the Protective Order.

Both SEPCO and STC make much of the failure of Plaintiffs to meet their burden to establish the relevance of the open hole logs and the seismic data. Some judges have found that a party asserting relevance in discovery has the burden to establish relevance, after which the burden shifts to the party resisting the discovery to establish the lack of relevance or that the discovery sought is marginally relevant, and the potential harm outweighs the entitlement to the discovery. *See, e.g., Reish v. Pennsylvania State Univ.*, No. 09-CV-1273, 2011 WL 2015350, at *3 (M.D. Pa. May 24, 2011) (citing *Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001); *In re Urethane Antitrust Litig.*, 261 F.R.D.

570, 573 (D. Kan. 2009)). While I respect these views, I find that such a regimen is not required and needlessly complicates the determination of relevance and the management of the discovery process. Burdens implicate a quantum of proof, or here, persuasion, necessary to meet the burden imposed. No quantum of proof or persuasion is necessary to establish that something is relevant. It either is relevant or it is not based upon Fed. R. Evid. 401, viz, does the sought-after information have a tendency to make a fact, consequential in determining the action, more or less probable. *Id.*

Here, the issue in the case is whether SEPCO's activity caused contamination as alleged by Plaintiffs. It seems plausible that when a hole is dug or drilled over 1,000 feet into the earth, areas containing things with the potential to pollute or contaminate may be released. Similarly, the seismic data is relevant to geology of the subsurface, viz the path of the well excavation. This is germane to the prospect of the release of contaminants or pollutants. I conclude the open hole logs and the seismic data are relevant to the claim of Plaintiffs.

SEPCO and STC claim that the open hole logs and the seismic data are trade secrets.

In determining whether a trade secret exists, Pennsylvania courts have considered the following factors:

1. The extent to which the information is known outside the owner's business;
2. the extent to which it is known by employees and others in the owner's business;
3. the extent of measures taken by the owner to guard the secrecy of the information;
4. the value of the information to the owner and to his competitors;
5. the amount of effort and money expended by the Owner in developing the information; and,
6. the ease or difficulty with which the information could be properly acquired or

2

duplicated by others.

*Pestco, Inc. v. Assoc. Prods., Inc.*, 880 A.2d 700, 706 (Pa. Super. Ct. 2005).

Based upon the available information, and here, it is SEPCO's burden to prove these are trade secrets, *see, e.g., Rycon Speciality Foods, Inc. v. Wellshire Farms, Inc.*, No. 09-cv-2092, 2011 WL 1988016, at *2 (M.D. Pa. May 23, 2011) (Kane, C.J.) (first step of three-step balancing test to determine whether to order the disclosure of alleged trade secrets requires "[t]he party opposing discovery must demonstrate that the information sought is a trade secret or is otherwise confidential and that disclosure would be potentially harmful."), and the factors generate the following:

1. The information is known to Schlumberger and an unknown number of its employees. This factor mitigates against classification as a trade secret.

2. Twenty-five (25) SEPCO employees are aware of the information. This factor mitigates against classification as a trade secret.

3. SEPCO guards the information. It did share the information with the contractor who created the log and another production company. The contractor considers the information its trade secret and restricts SEPCO from sharing it with anyone else. The knowledge of the information with people outside the company mitigates against classification as a trade secret. Given that STC regards this as SEPCO's trade secret, not its own, it is someone outside of the company aware of the information. This, too, mitigates against classification as a trade secret.

4. The information is valuable to SEPCO and its competitors. This mitigates in favor of trade secret classification.

3

5. Considerable money was expended in developing this data. This mitigates in favor of classification as a trade secret.

6. It would not be difficult for others to acquire or duplicate their information. Indeed, it was developed by STC, not SEPCO. This mitigates against classification as a trade secret.

It is sufficiently clear, based on the principles noted above and the information available to me from SEPCO, SEPCO is not entitled to trade secret protection in the requested information.

Plaintiffs are therefore entitled to the requested information, and SEPCO and STC shall provide it within twenty (20) days of this Order.

So ordered.


Date: October 11, 2013   /s/ A. Richard Caputo
                         A. Richard Caputo
                         United States District Judge